PAYNE (UNITED STATES v.). See Case No. 16,014.

PAYNTER (MURPHY v.). See Case No. 9,952.

PAYSON (BATES v.). See Case No. 1,103.

---

## Case No. 10,857.

### PAYSON v. BROOKE.

[1 Wkly. Notes Cas. 89.]

District Court, E. D. Pennsylvania. Nov. 19, 1874.

EVIDENCE — ADMISSIBILITY OF PORTIONS OF RECORD.

Power of assignee of bankrupt corporation to call in subscriptions to stock.

Action in assumpsit to recover from defendants an assessment of 60 per cent. on ten shares of stock of the bankrupt corporation held by them. The declaration averred that defendants had paid 20 per cent. on subscribing, and were liable for remaining 80 per cent. in event of the 20 per cent. cash fund becoming impaired by losses. That afterwards (by Chicago fire) the 20 per cent. cash fund and all the funds of the company were by reason of losses by fire impaired and exhausted. That the company was, on creditors' petition, adjudicated bankrupt, and that the plaintiff, its assignee, applied to the court in bankruptcy and obtained leave to make an assessment on the stockholders of 60 per cent. [see Case No. 11,704] on the par of their stock, which he accordingly did, and gave notice thereof to defendants. A second count, in indebitatus assumpsit, averred in general terms an indebtedness of defendants to plaintiff for moneys, to wit, $600, in respect of divers, to wit, 10, shares of stock of the bankrupt company, owned by defendants, by virtue of divers calls and assessments duly made. Issue joined on plea of non assumpsit.

Plaintiff's counsel offered in evidence under the first count an exemplification of record from the bankrupt court at Chicago, certified to contain "true and correct copies of the original papers and records therein set forth

19FED.CAS.—2

and of the whole thereof." On inspection this record appeared to set forth in full the proceedings up to and including adjudication of bankruptcy, omitted memorandum of first meeting of creditors, but certified the appointment of assignee, acceptance by him, and copy of assignment. The rest of the copy consisted of proceedings on petition of the assignee for leave to make an assessment, but omitted answers of certain stockholders, and the report of the register in that proceeding, the existence of which affirmatively appeared from the portion of the record certified. On objection made, the learned judge admitted the paper to prove assignment, but rejected all that followed that.

Plaintiff's counsel then offered to prove assessment made by assignee, proprio vigore officii, but declined, in answer to a question of the judge. to say that they expected to prove that the liabilities of the bankrupt corporation exceeded the original paid-up capital, and the 60 per cent. assessment on all its stock. They said that they expected to prove that the assignee, on investigation, found and decided that a 60 per cent. assessment was necessary to meet the company's liabilities. The offer was rejected.

J. Cooke Longstreth and H. W. Tenney, for plaintiff.

Mr. Hannis, for defendant.

THE COURT saying: 1. That the exemplification of record offered was not admissable to prove the decree of the court in bankruptcy authorizing an assessment by the assignee, because it is apparent that parts of the record of the proceedings that culminated in that decree were not certified. and there was no offer to prove their contents.

2. To prove an order in a particular proceeding in a bankrupt case, it is not necessary to produce the whole record of that case, but only the whole record of that particular proceeding.

3. That it is not competent for the assignee of a bankrupt corporation, of his own motion. to make an assessment on unpaid balances, or instalments. on stock in such corporation.

4. That before recovery can be had in an action at law from the stockholders of an insolvent corporation, in respect of the unpaid balances on their stock subscriptions, there must have been either corporate action to fix, or a judicial ascertainment of, the defendant's liability.

At the request of plaintiff's counsel, THE COURT withdrew a juror and allowed the case to be continued.

The above case is kindly reported by Mr. Longstreth, at the request of the court.

[NOTE. For actions brought by the assignee against other delinquent stockholders, see Payson v. Hadduck. Case No. 10,862; Same v. Stoever, Id. 10,863; Same v. Withers, Id. 10,864; Same v. Coffin, Id. 10,859 and 10,858.]